Carmen Nereida RIVERA, Defendant below,
Appellant,

v.

STATE of Delaware, Plaintiff below,
Appellee.

Supreme Court of Delaware.

Submitted Dec. 12, 1975.

Decided Jan. 12, 1976.

Arlen B. Mekler, Wise & Mekler, Wilmington, for defendant below, appellant.

James S. Green, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, and DUFFY and McNEILLY, Justices.

HERRMANN, Chief Justice:

The defendant was charged with murder in the first degree and was convicted of murder in the second degree. She attacks, as violative of the Due Process Clause, 11 Del.C. § 401[1] classifying mental illness as an affirmative defense which the defendant must prove by a preponderance of the evidence under 11 Del.C. § 304.[2]

1. 11 Del.C. § 401 provides:

"§ 401. Defendant's mental illness or mental defect as affirmative defense; verdict of 'not guilty by reason of insanity.'

"(a) In any prosecution for an offense, it is an affirmative defense that, at the time of the conduct charged, as a result of mental illness or mental defect, the accused lacked substantial capacity to appreciate the wrongfulness of his conduct or lacked sufficient willpower to choose whether he would do the act or refrain from doing it.

"(b) If the defendant prevails in establishing the affirmative defense provided in subsection (a) of this section, the trier of facts shall return a verdict of 'not guilty by reason of insanity.'"

2. 11 Del.C. § 304 provides:

"§ 304. Defendant's affirmative defenses; prove by preponderance of evidence.

"(a) When a defense declared by this Criminal Code or by another statute to be an affirmative defense is raised at trial, the defendant has the burden of establishing it by a preponderance of the evidence.

"(b) Unless the court determines that no reasonable juror could find an affirmative defense established by a preponderance of the evidence presented by the defendant, the defendant is entitled to a jury instruction that the jury must acquit him if they find the affirmative defense established by a preponderance of the evidence.

"(c) An affirmative defense is established by a preponderance of the evidence when the

The defendant also charges error, and violation of due process and equal protection, in that the jury instruction limited the mitigating defense of extreme emotional distress to the crime of murder in the first degree, as specified by 11 Del.C. § 641.[3]

## I.

The defendant points to *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) and *Fuentes v. State*, Del.Supr., 349 A.2d 1 (1975), and contends that once the presumption of sanity is overcome by "some credible evidence," the Due Process Clause requires that the defendant's sanity must be proved by the State beyond a reasonable doubt. The defendant's argument is that by *Mullaney* the U.S. Supreme Court has "foreshadowed the demise" of *Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952).

*Leland* involved an Oregon statute which required a defendant in a criminal case to prove insanity beyond a reasonable doubt.[4] The United States Supreme Court there declined to apply to the states its holding in *Davis v. United States*, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895), requiring the prosecution in Federal cases to establish sanity beyond a reasonable doubt, and ruled that there is no constitutional requirement that the State shoulder the burden of proving the sanity of the defendant. In *Leland*, the Court said:

"Nor is this a case in which it is sought to enforce against the states a right which we have held to be secured to defendants in federal courts by the Bill of Rights. In *Davis v. United States*, supra, we adopted a rule of procedure for the federal courts which is contrary to that of Oregon. But '[i]ts procedure does not run foul of the Fourteenth Amendment because another method may seem to our thinking to be fairer or wiser or to give a surer promise of protection to the prisoner at the bar.' " 343 U.S. at 798–99, 72 S.Ct. at 1007, 96 L.Ed. at 1309.

And the Court held:

" 'The judicial judgment in applying the Due Process Clause must move within the limits of accepted notions of justice and is not to be based upon the idiosyncrasies of a merely personal judgment. * * * An important safeguard against such merely individual judgment is an alert deference to the judgment of the state court under review.' * * * We are therefore reluctant to interfere with Oregon's determination of its policy with respect to the burden of proof on the issue of sanity since we cannot say that the policy violates generally accepted concepts of basic standards of justice." 343 U.S. at 799, 72 S.Ct. at 1007–08, 96 L.Ed. at 1309.

We think that *Leland* remains the controlling authority on the question. *Leland* has not been overruled by *Mullaney*, in our view, either expressly or implicitly. In support of that view, the following state-

---

jury is persuaded that the evidence makes it more likely than not that each element of the affirmative defense existed at the required time."

3. 11 Del.C. § 641 provided:
"§ 641. Extreme emotional distress.
"The fact that the accused intentionally caused the death of another person under the influence of extreme emotional distress is a mitigating circumstance, reducing the crime of murder in the first degree as defined by § 636 of this Criminal Code to the crime of manslaughter as defined by § 632 of this Criminal Code. The fact that the accused acted under the influence of extreme emotional dis-

tress must be proved by him by a preponderance of the evidence. The accused must further prove by a preponderance of the evidence that there is a reasonable explanation or excuse for the existence of the extreme emotional distress. The reasonableness of the explanation or excuse shall be determined from the viewpoint of a reasonable person in the accused's situation under the circumstances as he believed them to be."

4. We note that the Oregon quantum of proof, *i. e.*, beyond a reasonable doubt, was even more burdensome to the defendant than the preponderance of evidence requirement of §§ 401 and 304.

ments in the concurring opinion of Mr. Justice Rehnquist, concurred in by the Chief Justice, are significant:

"I agree with the Court that *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), does require that the prosecution prove beyond a reasonable doubt every element which constitutes the crime charged against a defendant. I see no inconsistency between that holding and the holding of *Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952). In the latter case this Court held that there was no constitutional requirement that the State shoulder the burden of proving the sanity of the defendant.

"The Court noted in *Leland* that the issue of insanity as a defense to a criminal charge was considered by the jury only after it had found that all elements of the offense, including the *mens rea* if any required by state law, had been proven beyond a reasonable doubt. * * * Although as the state court's instructions in *Leland* recognized, * * * evidence relevant to insanity as defined by state law may also be relevant to whether the required *mens rea* was present, the existence or nonexistence of legal insanity bears no necessary relationship to the existence or nonexistence of the required mental elements of the crime. For this reason, Oregon's placement of the burden of proof on insanity on Leland, unlike Maine's redefinition of homicide in the instant case, did not effect an unconstitutional shift in the State's traditional burden of proof beyond a reasonable doubt of all necessary elements of the offense. * * * Having once met [the burden of proof beyond a reasonable doubt], * * * the State could quite consistently with such a constitutional principle conclude that a defendant who sought to establish the defense of insanity, and thereby escape any punishment whatever for a heinous crime, should bear the laboring oar on such an issue." 421 U.S. at 705, 95 S.Ct. at 1893, 44 L. Ed.2d at 523–24.

Accordingly, we hold that 11 Del.C. § 401 is not in conflict with the Due Process Clause.

## II.

■ The extreme emotional distress issue raised here was met and determined recently in *Fuentes.* There, we held that 11 Del.C. § 641 is unconstitutional under *Mullaney;* that, therefore, extreme emotional distress is no longer a matter of defense under our law.

Consequently, as in *Fuentes,* the jury instruction in this case based upon § 641 was reversible error and the conviction of murder in the second degree may not stand.

But here, as in *Fuentes,* justice does not require a new trial. The thrust of the defendant's appeal in this regard is not that she was deprived of a complete defense to the charge of murder, but that she was deprived of a defense of mitigation which would have afforded her the opportunity of a manslaughter verdict. Thus, judgment of manslaughter, a lesser offense included within murder in the second degree under 11 Del.C. § 206(b)(3),[5] and sentence thereon, will resolve this issue in the defendant's favor.

With the concurrence of both the State and the defendant, we so hold.

---

5. 11 Del.C. § 206(b)(3) provides:
"§ 206. Method of prosecution when conduct constitutes more than 1 offense.
   \*      \*      \*      \*      \*
"(b) A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when:
   \*      \*      \*      \*      \*

(3) It involves the same result but differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission."

### III.

The remaining grounds of this appeal may be disposed of summarily:

(1) There is no error in the Trial Court's decision that the defendant was competent to stand trial.

(2) By her counsel, the defendant effectively waived her right to testify.

\* \* \*

Reversed and remanded with directions to strike the judgment of conviction of murder in the second degree and sentence thereon, and to enter a judgment of conviction of manslaughter and sentence thereon.