Kenneth **PENDRY** and **Timothy Pendry,**
Appellants,

v.

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

Submitted April 12, 1976.

Decided Sept. 28, 1976.

John B. Kennedy, Wilmington, for defendants below, appellants.

Dana C. Reed, Deputy Atty. Gen., Dover, for State of Del.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

Timothy and Kenneth Pendry appeal from their Superior Court jury convictions and life sentences for first degree murder. Timothy also appeals from his conviction and concurrent 10 year sentence for possession of a deadly weapon during the commission of a felony. Timothy was indicted and tried as principal, Kenneth as his accomplice.

Defendants contend (1) that the Trial Court erred in its instructions to the jury on the issue of extreme emotional distress; (2) that the Trial Court erred in failing to instruct the jury on the defense of voluntary intoxication and justification; and (3) that the Trial Court erred in instructing the jury to disregard the defense attorney's opening statement that neither of the defendants had been convicted of any misdemeanor.

I

Clifford Faulkner (the victim) was shot and killed by Timothy Pendry following an argument between the victim and defendants concerning defendants' sister, who had lived intermittently with the victim in a stormy relationship, and was, at the time, being held by the victim in her trailer against her will. The defendants went to their sister's trailer, and after some discussion with her, confronted the defendant, ordering him to leave the trailer. They testified that the victim refused to leave, and picked up a whiskey bottle, threatening to kill them. Timothy left the trailer, returned with a shotgun, and fired the three shots which killed the victim.

II

The defendants assert that the Trial Court deprived them of due process in instructing the jury on the issue of extreme emotional distress under 11 Del.C. § 641.[1]

■ The defendant Timothy presented some credible evidence of extreme emotional distress at the time of the shooting. During the pendency of the appeal of this case this Court held § 641 unconstitutional. *Fuentes v. State,* Del.Supr., 349 A.2d 1 (1975); *Rivera v. State,* Del.Supr., 351 A. 2d 561 (1976); *Eaton v. State,* Del.Supr., 363 A.2d 440 (1976). Here, as in those cases, an instruction in accord with § 641 is error which requires reversal of Timothy's murder conviction. Similarly, as in *Fuentes* and *Rivera,* justice does not require a new trial, as the thrust of Timothy's argument is that he was denied the opportunity to be convicted of the lesser included offense of manslaughter. Thus, judgment of manslaughter, included within first degree murder · under 11 Del.C. § 206(b)(3),[2] and sentence thereon, ·will resolve this issue in Timothy's favor.

1. 11 Del.C. § 641 provided:

"The fact that the accused intentionally caused the death of another person under the influence of extreme emotional distress is a mitigating circumstance, reducing the crime of murder in the first degree as defined by § 636 of this Criminal Code to the crime of manslaughter as defined by § 632 of this Criminal Code. The fact that the accused acted under the influence of extreme emotional distress must be proved by him by a preponderance of the evidence. The accused must further prove by a preponderance of the evidence that there is a reasonable explanation or excuse for the existence of the extreme emotional distress. The reasonableness of the explanation or excuse shall be determined from the viewpoint of a reasonable person in the accused's situation under the circumstances as he believed them to be."

2. 11 Del.C. § 206(b)(3) provides: ·
"(b) A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when:
      *      *      *      *      *
"(3) It involves the same result but differs from the offense charged only in the respect that a less serious injury or risk of

With the concurrence of the State, we so hold.

■ The resolution of the extreme emotional distress issue raised by Kenneth rests on different grounds. Although the defense, in opening, indicated that both defendants would raise the issue and had psychiatric examinations performed on both defendants, the record shows: (1) psychiatric testimony was introduced as to Timothy's emotional state at the time of the homicide, but not as to Kenneth's; (2) other evidence (the testimony of the defendants' sister) was introduced to prove Timothy's emotional state at the time of the homicide, but was not offered as relevant to Kenneth's; (3) although evidence that the victim had assaulted Kenneth two months before the homicide was introduced, there was no evidence that this factor was operative at the time of the killing; (4) the defense attorney specifically stated that extreme emotional distress was not being raised by Kenneth;[3] (5) no other evidence indicates that Kenneth was subject to extreme emotional distress at the time of the homicide. We conclude, therefore, that the record contains no credible evidence that the issue of extreme emotional distress was raised by Kenneth, leaving him without right to a jury instruction on that issue; and none was given. Thus, the holding of *Fuentes* does not apply to Kenneth.

■ But Kenneth also asserts that since his guilt is as an accomplice, he can be convicted of no greater crime than Timothy, the principal. The record shows that Kenneth's defense was based on this erroneous assumption.[4] Several cases are cited by Kenneth in support of this proposition: *United States v. Prince,* 4th Cir., 430 F.2d 1324 (1970), *People v. Allsip,* 268 Cal. App.2d 830, 74 Cal.Rptr. 550 (1969), *State v. Hess,* 233 Wis. 4, 288 N.W. 275 (1931); but these cases, setting forth the common law rule of accomplice liability, are made inapplicable in Delaware by 11 Del.C. § 272, which "denies a defense in situations in which the old common law, for purely technical raasons, would have been forced to grant an acquittal." *Delaware Criminal Code with Commentary,* at 50. Section 272 provides in its pertinent part:

"In any prosecution for an offense in which the criminal liability of the accused is based upon the conduct of another person pursuant to § 271 of this Criminal Code, it is no defense that:

"(1) The other person is not guilty of the offense in question * * * because of other factors precluding the mental state required for the commission of the offense; or

"(2) The other person * * * has been convicted of a different offense or in a different degree,

---

injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission."

3. *Mr. Green* [Trial Attorney for defendants]:
"The point is that there has been no notice that they are relaying the defense of emotional distress, and to go into any evaluation of the medical testimony of Kenny would be totally irrelevant to the issue. The issue we are talking about, we are talking about, we are talking about whether Timmy was under emotional distress." (sic).

\* \* \* \* \*

*The Court:*
"Yes, but you are not using the severe emotional distress as an affirmative defense for Kenneth?"

*Mr. Green:*
"Absolutely. That is true."

4. *The Court:*

"You are indicating now that that will not be a defense?"
*Mr. Green:*

"For Kenny?"
*The Court:*
"Yes, as an affirmative defense for Kenny."

*Mr. Green:*

"Right. Not that Kenny personally was— he is charged as an accomplice, so he would be an accomplice to whatever Timmy is guilty of. . . ."

61

* * * * * *

Under subsection (1) the fact that Timothy's extreme emotional distress negatives the mental state required for conviction of murder in the first degree does not relieve Kenneth from liability for first degree murder, while under subsection (2) Timothy's conviction of manslaughter does not preclude Kenneth's conviction of murder in the first degree.

### III

■ The defendants also assert that the Trial Court denied them due process and the right to a fair trial by failing to instruct the jury on the defense of voluntary intoxication 11 Del.C. § 421.[5] We will consider this issue only as it applies to Kenneth, since a resolution of the issue favorable to Timothy could at most reduce his conviction to one for manslaughter, a result already reached by this Court.

The record shows that on the evening of the homicide, Kenneth, Timothy, and a third person consumed about one-half of a case of beer among them. There is no evidence that Kenneth consumed more than a proportional amount, that is, four cans. And while there is evidence as to "drinking" by the three persons, there is none which identifies or describes Kenneth as "intoxicated". In our opinion, the general nature of such evidence, even when combined with an inference that Kenneth drank four beers over the course of an evening, does not constitute evidence of intoxication sufficient to require a jury instruction under § 421. There is, as we said, no evidence that Kenneth acted in a manner indicating intoxication. We conclude that on the record Kenneth was without the right to an instruction on the intoxication issue, even assuming voluntary intoxication was a defense at the time, which is an open question.[6]

### IV

■ The defendants' next contention is that the Trial Court denied them due process and the right to a fair trial by failing to instruct the jury on the defense of justification, 11 Del.C. §§ 461, 464.[7] The record

---

5. 11 Del.C. § 421, as set forth in the Bound Volume, provides:

"The fact that a criminal act was committed while the person committing such act was in a state of intoxication, or was committed because of such intoxication, is no defense to any criminal charge if the intoxication was voluntary."

11 Del.C. § 421, as set forth in the 1975 Cumulative Supplement, provides:
"(a) Except as provided in subsection (b) of this section, voluntary intoxication is an affirmative defense in a prosecution for a criminal offense only if it negatives the element of intentional or intentionally."

6. We note a recent enactment of the State Legislature making it clear that voluntary intoxication is no longer a defense.
The Legislature enacted House Bill No. 831, signed by the Governor on August 3, 1976, which provides:

Section 1. Amend § 421, Chapter 4, Part 1, Title 11 of the Delaware Code by striking said section in its entirety, and substituting in lieu thereof the following:

"§ 421. *Voluntary Intoxication*
The fact that a criminal act was committed while the person committing such act was in a state of intoxication, or was committed because of such intoxication, is no defense to any criminal charge if the intoxication was voluntary."

7. 11 Del.C. § 461 provides:
"In any prosecution for an offense, justification, as defined in §§ 462 through 470, is a defense."

* * * * *
11 Del.C. § 464 provides:

"(c) The use of deadly force is justifiable under this section if the defendant believes that such force is necessary to protect himself against death, serious physical injury, kidnapping or sexual intercourse compelled by force or threat."
* * * * *

contained no credible evidence that either defendant *believed* deadly force was necessary to protect himself against death or serious physical injury; therefore, under § 464 and 11 Del.C. § 303(c), neither Timothy nor Kenneth is entitled to a jury instruction on justification.

## V

The defendants' final contention is that the Trial Court denied them due process and the right to a fair trial by instructing the jury to disregard the defense attorney's opening statement that neither of the defendants had been convicted of a misdemeanor.[8] On cross-examination of Kenneth the Attorney General attempted to ask him whether it was true that he had never previously been convicted of a misdemeanor, basing the question on a previous assault conviction of Kenneth. An objection to the question was sustained, but the Trial Judge, in order to rectify the incorrect impression created by the defense attorney, and without objection from the defense, instructed the jury to disregard the comments. We find no error in so doing.

\* \* \*

Reversed and remanded as to Timothy Pendry with directions to strike the judgment of conviction of murder in the first degree and sentence thereon, and to enter a judgment of conviction of manslaughter and to impose an appropriate sentence therefor. Judgment of conviction of possession of a deadly weapon during the commission of a felony affirmed as to Timothy Pendry.

Judgment of conviction of murder in the first degree affirmed as to Kenneth Pendry.

---

8. In his opening argument the defense attorney stated, concerning the appellants, "Never before either of them having been convicted in a criminal court for a felony or a misdemeanor; arrested for traffic violations, that is their prior experience."