Regent GODDARD, Defendant below, Appellant,

v.

STATE of Delaware, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted Sept. 12, 1977.

Decided Dec. 16, 1977.

Arlen B. Mekler, Chief of the Appellate Division, Wilmington, for defendant below, appellant.

Thomas J. Capano, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

Defendant appeals his conviction by a Superior Court jury of murder, rape and conspiracy, all in the first degree,[1] alleging three errors in the proceedings below. Defendant contends that the Trial Court im-

---

1. The statutory definitions of the crimes involved herein, found in Title 11 of the Delaware Code read as follows:

§ 636. MURDER in the first degree; class A felony.

(a) A person is guilty of murder in the first degree when:

(1) He intentionally causes the death of another person;

(2) In the course of and in furtherance of the commission or attempted commission of a felony or immediate flight therefrom, he recklessly causes the death of another person;

(3) He intentionally causes another person to commit suicide by force or duress;

(4) He recklessly causes the death of a law-enforcement officer, corrections employ-ee or fireman while such officer is in the lawful performance of his duties;

(5) He causes the death of another person by the use of or detonation of any bomb or similar destructive device;

(6) He, with criminal negligence, causes the death of another person in the course of and in furtherance of the commission or attempted commission of rape, kidnapping, arson in the first degree, robbery in the first degree, or immediate flight therefrom;

(7) He causes the death of another person in order to avoid or prevent the lawful arrest of any person, or in the course of and in furtherance of the commission or attempted commission of escape in the second degree or escape after conviction.

properly instructed the jury concerning the affirmative defense of voluntary intoxication by unconstitutionally placing the burden of proving the defense on the defendant.[2] Also assigned as error is the Trial Court's failure to instruct the jury on voluntary intoxication as related to the conspiracy charge, and the allegedly excessive sentence imposed for that crime. We affirm the conviction, but reverse and remand for a reduction of the sentence on the conspiracy count to meet the statutorily mandated limits.

## I

The facts relevant to the legal issues of this case are undisputed. Defendant confessed that on February 14, 1976, he raped and murdered his landlady. The offenses took place in Smyrna, Delaware, at an apartment defendant and his co-conspir-

ators, Dale Shirk and Robert Jones, rented from the victim. Defendant forced the victim into the apartment where, in the presence of Jones, he raped her and then strangled her with a scarf. Subsequently, the body was placed in a car and transported to Elkton, Maryland, where it was dropped by the side of the road.

At trial defendant raised the affirmative defense of voluntary intoxication, provided for in the 1976 version of 11 *Del.C.* § 421, claiming that at the time of the offenses he was so inebriated that he was unable to form the requisite intent to kill required to convict him of murder in the first degree. Because voluntary intoxication was denominated as an affirmative defense, the burden of proving the defense was placed on the defendant. 11 *Del.C.* § 304.[3] The Trial Judge submitted the case to the jury with

---

(b) Murder in the first degree is a class A felony and shall be punished as provided in § 4209 of this title. (11 Del.C.1953, § 636; 58 Del.Laws, c. 497, § 1; 59 Del.Laws, c. 284, § 1.)

§ 764. RAPE in the first degree; class A felony.

A male is guilty of rape in the first degree when he intentionally engages in sexual intercourse with a female without her consent, and

(1) In the course of the offense he inflicts serious physical, mental or emotional injury upon the victim, or

(2) The victim was not the defendant's voluntary social companion on the occasion of the crime and had not previously permitted him sexual contact.

Rape in the first degree is a class A felony. (59 Del.Laws, c. 547, § 2.)

§ 513. CONSPIRACY in the first degree; class D felony.

A person is guilty of conspiracy in the first degree when, intending to promote or facilitate the commission of a class A felony, he:

(1) Agrees with another person or persons that they or 1 or more of them will engage in conduct constituting the felony or an attempt or solicitation to commit the felony; or

(2) Agrees to aid another person or persons in the planning or commission of the felony or an attempt or solicitation to commit the felony, and he or another person with whom he conspired commits an overt act in pursuance of the conspiracy.

Conspiracy in the first degree is a class D felony. (11 Del.C.1953, § 513; 58 Del.Laws, c. 497, § 1; 59 Del.Laws, c. 203, § 7.)

2. Voluntary intoxication as an affirmative defense to a criminal charge was provided by the version of 11 *Del.C.* § 421 which was in effect

at the time the crimes were committed, and which all counsel involved agree is applicable to the case *sub judice.* This version of section 421 stated in part:

". . . voluntary intoxication is an affirmative defense in a prosecution for a criminal offense only if it negatives the element of intentional or intentionally."

In 1976 section 421 was amended to eliminate voluntary intoxication as a defense to a criminal charge. See *Pendry v. State,* Del.Supr., 367 A.2d 627 (1976) for a brief survey of the tortuous history of section 421.

3. 11 *Del.C.* § 304 provides:

Defendant's affirmative defenses; prove by preponderance of evidence.

(a) When a defense declared by this Criminal Code or by another statute to be an affirmative defense is raised at trial, the defendant has the burden of establishing it by a preponderance of the evidence.

(b) Unless the court determines that no reasonable juror could find an affirmative defense established by a preponderance of the evidence presented by the defendant, the defendant is entitled to a jury instruction that the jury must acquit him if they find the affirmative defense established by a preponderance of the evidence.

(c) An affirmative defense is established by a preponderance of the evidence when the jury is persuaded that the evidence makes it more likely than not that each element of the affirmative defense existed at the required time. (11 Del.C.1953, § 304; 58 Del.Laws, c. 497, § 1.)

instructions in accord with the directives of sections 304 and 421. Citing *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), defendant asserts that by placing the burden on him to prove the defense of voluntary intoxication, the Delaware statutes and the jury instructions based thereon unconstitutionally violate his right to due process of law. Defendant's reliance upon *Mullaney* is misplaced as we are of the opinion that the Delaware statutory scheme is distinguishable from the constitutionally defective law struck down in *Mullaney.* Examined in the light of the most recent pronouncement of the United States Supreme Court on the issue of burdens of proof in criminal cases, the Delaware law clearly meets federal constitutional standards. *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). The law in question fully comports with Delaware constitutional requirements. *Rivera v. State,* Del.Supr., 351 A.2d 561, appeal dismissed, 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160 (1976).

## II

The Due Process Clause of the 14th amendment to the United States Constitution requires that in a criminal trial the prosecution must prove beyond a reasonable doubt every fact necessary to constitute the crime charged. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The Delaware Constitution requires at least as much. See *Del.Const.* Art. I, § 7.[4] The rationale of the *Winship* case prescribes an analysis of both the operation and effect of

criminal laws and procedures as applied by the State, and of the interests of the State and the defendant as affected by the allocation of the burden of proof made by those laws. *Mullaney v. Wilbur,* supra. In *Mullaney* the *Winship* rationale was applied to a Maine criminal statute which required malice, in the sense of lack of provocation as an element of murder. The Maine statutory scheme allowed the jury to presume malice from the commission of any deliberate, cruel act by one person against another suddenly or without considerable provocation. The defendant was given the opportunity to rebut the presumption by proving by a preponderance of evidence that he acted not with malice, but in a heat of passion, in which case the charge was reduced to manslaughter. The Supreme Court found that the process of presuming an element of a crime unless that element is disproved by the defendant violated both the mandate of *In re Winship,* supra, and the proscriptions of the Due Process Clause.

The differences between the Maine and Delaware laws are readily apparent and constitutionally significant. Under the provisions of the Delaware Criminal Code no person may be convicted of an offense unless each element of the offense is proven by the State beyond a reasonable doubt; the defendant is entitled to a jury instruction delineating the aforestated burden of the State, and the defendant may produce whatever credible evidence he has to negate the existence of any element of the crime charged. 11 *Del.C.* §§ 301, 302.[5] In addi-

---

**4.** *Del.Const.* Art. I, § 7 provides in part that an accused in a criminal prosecution:

".  .  . shall not be compelled to give evidence against himself, nor shall he be deprived of life, liberty or property, unless by the judgment of his peers or *by the law of the land.*" (emphasis added) The phrase "due process of law" in the federal Constitution and the phrase "law of the land", as used in the State Constitution have substantially the same meaning. *Opinion of the Justices,* Del. Supr., 246 A.2d 90 (1968). While the State provision may not be interpreted to provide less rights to criminal defendants than those mandated by the Federal provision, it may be interpreted so as to provide greater rights.

**5.** 11 *Del.C.* §§ 301 and 302 read as follows:

§ 301. State's prima facie case; proof beyond reasonable doubt.

(a) In any prosecution for an offense, a prima facie case for the State consists of some credible evidence tending to prove the existence of each element of the offense.

(b) No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. (11 Del. C.1953, § 301; 58 Del.Laws, c. 497, § 1.)

§ 302. Jury instruction for defendant on reasonable doubt.

(a) Pursuant to subsection 301(b) of this Criminal Code, the defendant is entitled to a jury instruction that the jury must acquit if they fail to find each element of the offense proved beyond a reasonable doubt.

tion the Delaware Criminal Code provides a variety of affirmative defenses [6] which a defendant must both raise and bear the burden of establishing by a preponderance of evidence, as defined in the Code. See 11 *Del.C.* § 304, and page 5 of this opinion. Thus Delaware law requires the State to prove beyond a reasonable doubt all elements of a crime, and only if that burden is met may a jury render a verdict of guilty. Several affirmative defenses, separate and distinct from the elements which make up the crime charged, are available to the criminal defendant for purposes of mitigation or exculpation.

In *Rivera v. State,* Del.Supr., 351 A.2d 561, appeal dismissed, 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160 (1976), 11 *Del.C.* § 401 which classified mental illness as an affirmative defense, with the resulting allocation of burdens of proof, was unsuccessfully attacked as violative of the Due Process Clause. This Court held section 401 constitutional, and on appeal the United States Supreme Court dismissed the case as not presenting a substantial Federal question. In *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), the Court reaffirmed its opinion that no federal issue was raised under the facts of *Rivera,* and further expressed unwillingness to reconsider *Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) in which the Court held that there was no constitutional requirement that the State shoulder the burden of proving the sanity of the defendant. The *Patterson* Court found no conflict between the requirements of *In re Winship,* supra, and the holdings of *Leland* or *Rivera,* and also stated their institutional position in regard to the State's function of policing its citizens for criminal activity by explaining:

"It goes without saying that preventing and dealing with crime is much more the business of the States than it is of the Federal Government, *Irvine v. California,* 347 U.S. 128, 134, 74 S.Ct. 381, 98 L.Ed. 561 (1954) (plurality opinion), and that we should not lightly construe the Constitution so as to intrude upon the administration of justice by the individual States. Among other things, it is "normally within the power of the State to regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion," and its decision in this regard is not subject to proscription under the Due Process Clause unless "it offends some principle of justice so deeply rooted in the traditions and conscience of our people as to be ranked as fundamental." *Speiser v. Randall,* 357 U.S. 513, 523, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958); *Leland v. Oregon,* 343 U.S. 790, 798, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), *Snyder v. Massachusetts,* 201 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed. 674 (1934)."

*Patterson v. New York,* supra. The principle of law which emerges from the cases is that once the requirements of *In re Winship,* supra, are met, the State is free to designate additional defenses, and allocate the burden of proof pertaining to those defenses, as they see fit. *Patterson v. New York,* supra.

We conclude that Goddard's conviction under Delaware law does not deprive him of his State and Federal rights to due process of law. The Lower Court required that all elements of the crime of murder be proved by the State beyond a reasonable doubt, in accordance with the dictates of the Delaware Criminal Code. Thus the basic procedural safeguards necessary to satisfy State and Federal due process were met. Admittedly, the statute making voluntary intoxication a defense to criminal charges was ambiguously worded in terms of negating intent, and intent is a traditional element of a crime. However, any apparent

(b) The defendant may produce whatever evidence he has tending to negate the existence of any element of the offense, and, if the court finds that a reasonable juror might believe that evidence, the defendant is entitled to a jury instruction that the jury must consider whether the evidence raises a reasonable doubt as to the defendant's guilt. (11 *Del.C.* 1953, § 302; 58 Del.Laws, c. 497, § 1.)

6. See 11 *Del.C.* Chap. 4.

conflict between the due process requirement of proof beyond a reasonable doubt and section 421 is a false conflict when examined in the light of the other sections of the Criminal Code which make clear that the constitutional level of proof must be met by the State. Because the State was held to the burden of proving the crime beyond a reasonable doubt in accordance with constitutional standards, no error of law was committed below.

### III

■ Defendant alleges that the Trial Court erred by failing to instruct the jury on the defense of voluntary intoxication as it relates to the conspiracy charge. Nowhere in the record of this case does it appear that defendant either requested on appropriate instruction, or objected to the instructions as given to the jury. The failure to object constitutes a waiver of defendant's right to raise the issue on appeal, Superior Court Criminal Rule 30(a); *Flamer v. State,* Del.Supr., 227 A.2d 123 (1967); unless the error is plain, within the technical meaning of the word, this Court will not consider an issue which defendant failed to raise below. Superior Court Criminal 52(b); *Wiggins v. State,* Del.Supr., 210 A.2d 314 (1965). Defendant has not shown that the alleged error is plain, and we are of the opinion that it is not. This conclusion is buttressed by the fact that the jury rejected the defense when interposed as a mitigating factor to the charges of rape and murder. Because the point at issue was not raised below, and the error is not plain, we refuse to consider it further.

### IV

■ Defendant was convicted of conspiracy in the first degree, a crime statutorily denominated as a Class D felony, and sentenced on that charge to 30 years imprisonment. The maximum punishment allowed by statute upon conviction of a Class D felony is 10 years. *11 Del.C.* § 4205(b)(4). Therefore, we must reverse that part of the Superior Court sentence imposed for the conspiracy, and remand this case in order

that the sentence may be modified to meet statutory mandates.

\*   \*   \*   \*   \*   \*

AFFIRMED in part, and
REVERSED in part.