# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
      v. )   ID No. 0004016373
)
REGENT J. GODDARD, )
            Defendant. )

Submitted: September 11, 2025
Decided: October 1, 2025

*Upon Defendant Regent J. Goddard's*
*Motion for Sentence Reduction*,
**DENIED**.

## ORDER

**HAVING CONSIDERED** Defendant Regent J. Goddard's recent request to reduce or modify his sentence—an application he titles a "Motion for Time Served" (D.I. 50)—and the complete record in this matter, **IT IS HEREBY ORDERED** that application is **DENIED** for the following reasons:

(1) This application to reduce Mr. Goddard's natural life sentences for murder, rape, and conspiracy[1] was filed via a fill-in-the-blank document with citation to no case, statute, or rule.[2] No doubt though, it is governed by this Court's Criminal Rule 35(b).[3]

---

[1] *See Goddard v. State*, 382 A.2d 238, 238-39 n.1 (Del. 1977) (describing the Mr. Goddard's crimes and outlining the applicable statues under which he was prosecuted and sentenced);

[2] D.I. 43.

[3] Super. Ct. Crim. R. 35(b) (providing that, if certain requirements are met, the Court may reduce a sentence of imprisonment); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003)

-1-

(2) When considering such motions for sentence reduction or modification, this Court addresses any applicable procedural bars before turning to the merits.[4] Mr. Goddard does not address the applicable bars to consideration of his current Rule 35(b) motion. The Court must.[5]

(3) "Rule 35(b) requires that an application to reduce imprisonment be filed promptly—i.e. within 90 days of the sentence's imposition—'otherwise, the Court loses jurisdiction' to act thereon."[6] This motion comes almost five decades after Mr. Goddard was resentenced to life imprisonment.

(4) The Court cannot find the existence of any extraordinary circumstances.[7] The factors suggested by Mr. Goddard are those that Delaware courts have rejected—both individually and in combination—as inadequate to shoulder the heavy burden placed on one to establish "extraordinary circumstances" under Rule 35(b).[8]

---

("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[4] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[5] *See State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Ct. Dec. 16, 2014); *State v. Culp,* 152 A.3d 141, 145-47 (Del. 2016) (instructing that this Court cannot ignore the Rule 35's plain language, its procedural bars and requirements, or established precedent interpreting the rule).

[6] *Redden,* 111 A.3d at 607 (internal citations omitted).

[7] *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown." (emphases added)).

[8] *See, e.g., Culp*, 152 A.3d at 145-46 (collecting cases) (participation in educational and rehabilitative programs does not constitute "extraordinary circumstances" for purposes Rule 35(b)); *Redden*, 111 A.3d at 607-08 (collecting cases and explaining reasons why rehabilitative

(5) But more than just the procedural barriers exist here. This Court is also prohibited by statute and long standing precedent from granting the substantive relief Mr. Goddard now seeks. While he seems to believe otherwise, this Court has no authority under its Rule 35(b) to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[9] Again, Mr. Goddard is serving a natural life sentence for first-degree murder.[10] Mr. Goddard's requested reduction would violate the minimum required by then- and now-extant 11 *Del. C.* §§ 636 and 4209. That the Court cannot do.[11]

(6) While he may be frustrated with his multiple failed attempts to obtain executive clemency, that provides no basis for this Court to exercise authority over his sentence that it simply does not have.

---

efforts are not "exceptional circumstances" under Rule 35(b). *See also C. Jones v. State*, 2021 WL 1590188, at *2 (Del. Apr. 22, 2021) (stating remorse is not and extraordinary circumstance under Rule 35(b)).

[9] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[10] D.I. 36. *See State v. Spence*, 367 A.2d 983, 990 (Del. 1976) (holding that for Mr. Goddard and those others whose death sentences were converted to life imprisonment "that 'life imprisonment without benefit of parole' under § 4209(a) means confinement for the balance of the life of the person convicted of first degree murder").

[11] *See State v. Williams*, 2015 WL 757551, at *2 (Del. Super. Ct. Feb. 18, 2015) (addressing a request to reduce a minimum term imposed for a class B felony and holding "while the Court has wide discretion to reduce a sentence upon a timely Rule 35 application, the Court has no authority to reduce or suspend the mandatory portion of any substantive statutory minimum sentence."); *State v. McFarland*, 2020 WL 3564615, at *2 (Del. Super. Ct. July 1, 2020) ("[T]he Court has no authority to reduce or suspend the mandatory portion of any substantive minimum sentence."); *State v. Puligini*, 2020 WL 4036218, at *3 (Del. Super. Ct. July 15, 2020) (same).

-3-

Accordingly, the Court must **DENY** Mr. Goddard's Rule 35(b) motion for sentence reduction or modification.

**IT IS SO ORDERED.**

/s/ *Paul R. Wallace*

_____

Paul R. Wallace, Judge

Original to Prothonotary

cc:     Mr. Regent Goddard, *pro se*
        Timothy G. Maguire, Deputy Attorney General