[Crim. No. 3040. Third Dist. Feb. 7, 1961.]

THE PEOPLE, Respondent, v. EDISON JAMES, Appellant.

Edison James, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and C. Michael Gianola, Deputy Attorneys General, for Respondent.

PEEK, J.—Defendants James and Wilson were jointly charged with (1) the crime of conspiracy to commit forgery (Pen. Code, § 182), and (2) the crime of forgery (Pen. Code, § 470). At the conclusion of the trial the jury returned a verdict finding defendant James guilty as charged on both counts and Wilson guilty of conspiracy. Each defendant moved for a new trial and the same was granted as to Wilson, but denied as to James. Judgment was then entered against James and he alone appeals.

Since the judgment must be reversed because of our conclusion that it was error to grant the new trial as to Wilson and deny the same as to James, it becomes unnecessary to discuss the remaining contentions set forth in James' brief or summarize the evidence in detail. It is sufficient to note that as to the forgery count the record discloses ample evidence to sustain that charge; that is, (1) that the defendant attempted to pass a check as true and genuine, (2) that he knew it to be forged, and (3) that it was done with the intent to defraud a storekeeper. (*People* v. *Pounds,* 168 Cal.App.2d 756 [336 P.2d 219].)

The sole question concerns the conspiracy count. ██ There can be no question but that there must be a degree of dependent criminality between coconspirators to violate a criminal statute in order for a conviction to stand. In other words, the guilt of both must concur in order to establish the guilt of either. In the early case of *People* v. *Richards,* 67 Cal. 412, 413 [7 P. 828, 56 Am.Rep. 716], the court held that: "No one can dispute, or ever has disputed, that the offense cannot be committed by one alone. . . . " (See also *People* v. *Miller,* 82 Cal. 107 [22 P. 934]; *People* v. *MacMullen,* 134 Cal.App. 81 [24 P.2d 794].)

██ In amplification of the rule above enunciated, the court in the MacMullen case at page 82, held that: ". . . it is the law that on a charge of conspiracy even though but one person is indicted, the statement of the offense in the indictment must show that two or more persons, even though the other person or persons are unknown, did in fact conspire together to commit the crime. Upon a trial for the offense the evidence must show that at least two of the persons named

in the charging part of the indictment committed the offense because the gist of the offense is the conspiracy. If these elements are not present then a conviction cannot be had." Stated otherwise: "If the indictment had simply charged appellant and his two codefendants with conspiracy . . . the acquittal of the two codefendants would have made appellant's conviction erroneous." (*People* v. *Sagehorn,* 140 Cal.App.2d 138, 146 [294 P.2d 1062].)

In the present case, the portion of Count One of the information pertinent to this issue merely charged that "Edison James and Charles Wilson, did conspire, . . . and agree together" to pass a forged check. The information did not contain the catch-all charge that defendants were also involved with "other persons unknown."

What has been said concerning the conviction of one of two coconspirators does not answer the specific question raised by the defendant; that is, the effect of the court's denial of his motion for a new trial while contemporaneously granting a like motion made by his coconspirator. It is stated in 72 American Law Reports 1180, 1188, that: "The same rule which applies to the prosecution and conviction of one defendant for conspiracy seems to apply to the granting of a new trial or a reversal after the conviction of several defendants in a prosecution of conspiracy." Again, the fundamental basis of the rule appears to be that one may not conspire with himself. Thus it was held in *Cofer* v. *United States,* 37 F.2d 677, 680: "The rule in conspiracy cases is that, when the conviction of all of the conspirators except one is reversed, the conviction of that one should also be reversed, since, in conspiracy cases, at least two must be convicted or none." It necessarily follows that the court erred in denying James' motion for a new trial.

Although not a proper part of the record before us, there is attached to James' brief a copy of a letter to him from his attorney wherein it is stated that the conspiracy charge was subsequently dismissed as to Wilson. If such is the case, a further question is raised, to wit, if there was not sufficient evidence against Wilson to warrant a retrial on that count, then obviously, from what has heretofore been said, there likewise would be insufficient evidence to hold James. "The rule is well settled that one defendant in a prosecution for conspiracy cannot be convicted where all of his alleged co-conspirators, be they one or more, have been ac-

quitted, or discharged under circumstances that amount to an acquittal." (97 A.L.R. 1312, 1316.)

The judgment is affirmed as to Count Two and reversed as to Count One.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied March 2, 1961.