[Crim. No. 581.   Fifth Dist.   Jan. 16, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. WELDON WAYNE ALLSIP, Defendant and Appellant.

John A. Fitzrandolph, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Daniel J. Kremer and Talmadge R. Jones, Deputy Attorneys General, for Plaintiff and Respondent.

STONE, J.—By an indictment appellant, Weldon Wayne Allsip, was charged with one count of rape and one count of aiding and abetting Wayne Barnes in the commission of a rape upon the same girl. Barnes was also accused of raping the girl and of aiding and abetting Allsip to commit forcible rape.

The case was tried to a jury, which acquitted Barnes on both counts.

As to appellant Allsip, the jury was unable to agree as to the count charging him with forcible rape, and the trial judge declared a mistrial as to that count. However, the jury found Allsip guilty of the count charging him with aiding and abetting Barnes in the commission of forcible rape.

On the face of it, the verdicts are contradictory and irreconcilable. The jury could not acquit Barnes of forcible rape, and convict Allsip of aiding and abetting Barnes in committing that crime.

Respondent cites cases affirming a judgment finding an aider and abetter guilty even though the principal, in a separate trial, was acquitted. It is argued that the inconsistent result is similar to the contradictory verdicts before us. In the cited cases a different jury tried each defendant, and they thus heard a different presentation of the evidence; in the light of these circumstances we find such cases inapposite to the case at bench, where the defendants were tried together.

In *Shuttlesworth* v. *City of Birmingham, Alabama,* 373 U.S. 262, 266 [10 L.Ed.2d 335, 337, 83 S.Ct. 1130, 1132], the United States Supreme Court said: "It is generally recognized that there can be no conviction for aiding and abetting someone to do an innocent act."

Where the commission of a single crime is charged, it is clear that a jury cannot acquit the principal and yet find his codefendant guilty of being an accessory to the commission of the crime it found had not been committed. The California Supreme Court said, in *People* v. *Wayne,* 41 Cal.2d 814, 826 [264 P.2d 547] (overruled on another point in *People* v. *Snyder,* 50 Cal.2d 190, 197 [324 P.2d 1]): "Liability for being an accessory, like liability for solicitation, cannot be incurred by one person acting alone; to constitute a violation

of section 32 [Pen. Code] there must be a principal and an aider, acting in concert.''

The same reasoning applies to Penal Code section 31, which is the basis for the judgment against appellant, aiding and abetting. (See *People* v. *Angelopoulos,* 30 Cal.App.2d 538 549-550 [86 P.2d 873]; *People* v. *James,* 189 Cal.App.2d 14 [10 Cal.Rptr. 809, 91 A.L.R.2d 697].)

Apparently the jury's confusion resulted from evidence which disclosed that appellant did assist others than his codefendant in the commission of a rape. Since appellant was charged with assisting his codefendant only, his guilt or innocence as an aider and abetter rests upon whether his principal committed a crime; the jury found that he did not.

The judgment is reversed.

Conley, P. J., and Gargano, J., concurred.

A petition for a rehearing was denied February 11, 1969, and respondent's petition for a hearing by the Supreme Court was denied March 12, 1969.