

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2004

# USA v. Lott

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2081

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Lott" (2004). *2004 Decisions.* Paper 588.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/588

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2081

UNITED STATES OF AMERICA

v.

BRADLEY LANORD LOTT,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 01-cr-00352-2)
District Judge:  Honorable Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2004

Before:  SCIRICA, Chef Judge, RENDELL and ALARCÓN*, Circuit Judges.

(Filed   June 21, 2004  )

OPINION OF THE COURT

RENDELL, Circuit Judge.

On July 16, 2002, Bradley Lanord Lott pleaded guilty to charges of conspiracy to

_____

*Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the
Ninth Circuit, sitting by designation.

distribute an undisclosed quantity of crack cocaine in violation of 21 U.S.C. § 846. After the acquittal of his coconspirator, Po Dickerson, Lott moved to withdraw his guilty plea, disclaiming responsibility for those drugs not sold directly by him. This motion was denied and Lott was sentenced to 151 months in prison. Lott moved to appeal the District Court's judgment pro se, and Lott's counsel concurrently filed a motion to withdraw and a brief with this Court pursuant to Anders v California, 386 U.S. 738 (1967), claiming that a conscientious examination of the record revealed no non-frivolous issues. Although given notice and the opportunity to respond, Lott has chosen not to file a pro se brief detailing any legal issues he wished to raise on appeal. For the reasons explicated below, we will affirm the District Court's judgment and grant counsel's request to withdraw.

In his Anders brief, Lott's counsel identifies and subsequently addresses three issues potentially appealable based on a review of the record.

(1) Withdrawal of Lott's guilty plea.

The first issue raised by counsel in his Anders brief is whether the District Court abused its discretion in denying Lott's motion to withdraw his guilty plea. We review a district court's denial of defendant's motion to withdraw his guilty plea for abuse of discretion. United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003).

A motion to withdraw a guilty plea in a criminal proceeding is regulated by Rule 11(d) of the Federal Rules of Criminal Procedure, which states in relevant part that a

2

defendant may withdraw his guilty plea upon showing a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). A determination of "fair and just" is predicated on three factors: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawal; and (3) whether the government would be prejudiced by the withdrawal. Jones, 336 F.3d at 252 (citing United States v Brown, 250 F.3d 811, 815 (3d Cir. 2001)).

The District Court concluded that Lott had not asserted his innocence. We agree. In both his recorded testimony at Dickerson's trial and in statements given to the District Court, Lott conceded his participation in drug transactions with the government informant, as well as his joint ventureship with Dickerson. Lott does not dispute the facts of his underlying conduct. Rather, after claiming informed knowledge of the charges against him to the District Court, he now disagrees with the legal characterization of his actions. However, as discussed below, Lott's admitted conduct makes him accountable under federal conspiracy drug laws and his articulated desire to be held responsible for the lesser offenses of distribution is not an assertion of his innocence with respect to the current charges.

Also, Lott has not shown strong reason to withdraw his guilty plea, as required by the second prong of the Third Circuit's test for plea withdrawal. He argued three reasons for withdrawal before the District Court: (1) his co-defendant was found not guilty; (2) he should not be responsible for the drugs his co-defendant distributed; and (3) he did not

3

understand his exposure by pleading to a conspiracy. (App. at 114).

First, the guilt vel non of his co-conspirator is irrelevant to Lott's conviction. The rule of consistency, stating that the conviction of a sole defendant must be vacated where all but one coconspirator is acquitted, only applies where an acquittal of one, and a conviction of another, are decided in the same trial. Government of the Virgin Islands v. Hoheb, 777 F.2d 138, 140 (3d Cir. 1985). Second, Lott's assertion that he should not be held responsible for the drugs sold by his partner, Dickerson, runs afoul of the substantive criminal law to which he pled guilty. Any individual who conspires to commit an offense proscribed by the federal drug laws is subject to the same penalties as those undertaking the actual offense. See 21 U.S.C. § 846. Lott told the District Judge that he understood the meaning of conspiracy and the charges against him. There is no merit to the claim that he should not be held accountable for the drugs sold by Dickerson to the informant.

Finally, Lott asserts that he did not understand his exposure by pleading to a conspiracy. This is refuted by his own testimony upon entering the guilty plea. At the hearing on his guilty plea, Judge Rambo clearly explained to Lott that "[a] conspiracy is an agreement between or among two or more people to do an unlawful act. It doesn't need to be in writing. It doesn't need to be spoken. But by your actions you combined your efforts to do an unlawful act." (App. at 43). Lott testified that he understood the meaning of conspiracy and proceeded to plead guilty to the charges of conspiracy. Thus, his reasons for desiring to withdraw his guilty plea are not strong.

4

Since Lott has not satisfied the first two prongs of showing fair and just reason to set aside his plea, we need not explore the third prong, prejudice to the government. United States v. Martinez, 785 F.2d 111, 115-6 (3d Cir. 2003).

(2) Liability for Coconspirator's Sales.

Lott's counsel also raises the issue that the quantity of drugs for which Lott is accountable should not include the sales made by Dickerson. The District Court determined that Lott was responsible for the sale of 159.6 grams of crack cocaine, representing both his own sales and those of his coconspirator to the confidential informant and placing him within the sentencing range of 151 to 188 months required for level 34. Isolating those sales made only by the defendant would reduce the sentencing range to 121 to 151 months. We review such sentencing determinations for clear error. United States v. Yeung, 241 F.3d 321, 322 (3d Cir. 2001).

The District Court did not err in determining that Lott was responsible for all sales made to the confidential informant. He pleaded guilty to conspiracy charges, which make a defendant accountable for "all reasonably foreseeable acts and omissions of others in furtherance of [] jointly undertaken criminal activity". U.S.S.G. § 1B1.3 (a)(1)(B) (2001). In sentencing Lott to 151 months, the District Court determined that all of the sales to the government informant constituted a single drug conspiracy, and that those sales made by Dickerson were reasonably foreseeable to Lott.

Ample evidence in the record supports the District Court's finding that the drugs

5

sold by Dickerson were relevant to Lott's conviction, by establishing both a single business venture and the objective foreseeability of sales by both Dickerson and Lott. The record reflects that, inter alia, Lott purchased and distributed crack cocaine for Dickerson, Dickerson stored a trove of drugs at a site available to both men, Lott sold Dickerson's crack cocaine to a government informant with the permission of Dickerson, and Lott was aware that an independent relationship existed between Dickerson and the informant. (App. at 67-69, 73-74). Thus, the District Court did not commit clear error in finding that Lott was involved in a joint criminal venture and that the sales made by his partner were reasonably foreseeable to him, making him legally accountable for his partner's drug sales.

(3) Acceptance of Responsibility.

The third issue raised by counsel in his Anders brief is whether the District Court erred in denying a reduction of offense level for the defendant's acceptance of responsibility. The Sentencing Guidelines for Relevant Conduct explicates that the defendant is responsible, "in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others), [for] all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity". U.S.S.G. § 1B1.3(a)(1)(B) (2001). Further, "a defendant who falsely denies, or frivolously contests [conduct for which he is accountable under section 1B1.3] . . . has acted in a manner inconsistent with acceptance of responsibility."

6

U.S.S.G. § 3E1.1(1)(a), cmt. n.1(a) (2001). A matter is frivolously contested when none of the legal points are arguable on the merits. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under § 1B1.3, Lott is accountable for the reasonably foreseeable behavior of Dickerson. He frivolously contested his responsibility for the relevant conduct attributable to him by denying all responsibility for the actions of his coconspirator Dickerson, both in his motion to withdraw the guilty plea and his sentencing objections. Thus, he cannot be said to have accepted responsibility. Moreover, according to the sentencing guidelines "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, cmt. n.5 (2001). We see no error in the District Court's denial of the offense level recommendation.

When evaluating an Anders brief, we inquire (1) whether counsel adequately represented his client; and (2) whether an independent review of the record reveals any non-frivolous issues that could support an appeal. See United States v Youla, 241 F.3d 296, 300 (3d Cir. 2001). We find that counsel conducted a rigorous review of the record and has correctly concluded that there were no non-frivolous issues for appeal. Anders, 386 U.S. at 744. We are satisfied that all requirements of the Anders procedure have been met.

Accordingly we will GRANT counsel's request to withdraw and will AFFIRM the

7

Judgment of the District Court.

_____