JOURNAL ENTRY AND OPINION
{¶ 1} The applicant, Jose Muniz, pursuant to App.R. 26(B), has applied to reopen this court's judgment in State v. JoseMuniz, Cuyahoga App. Nos. 85156 and 85157, 2005-Ohio-3580, in which this court affirmed Muniz's convictions for two counts of attempted abduction. The State has filed a brief in opposition. For the following reasons, this court denies the application.
 {¶ 2} In State v. Jose Muniz, Cuyahoga County Common Pleas Court Case Nos. CR-446578 and 446554, the grand jury indicted Muniz in each case for one count of attempted kidnapping and one count of attempted abduction. In both cases, Muniz tried to get the attention of an adolescent female, and then he reached out to grab her. In both cases, the girl eluded him and ran away. At trial, the jury found Muniz not guilty of attempted kidnapping, but guilty of attempted abduction. On appeal, his counsel argued improper joinder, insufficiency of the evidence, and manifest weight.
 {¶ 3} Muniz now maintains that his appellate counsel was ineffective for not arguing the following assignments of error: (1) the trial court diminished the requirement of proof of purpose in its jury instruction; (2) the court denied Muniz due process of law when it did not instruct the jury on Muniz's culpable mental state and his knowledge of the victim's age; (3) Muniz was denied due process of law when the jury found him not guilty of attempted kidnapping but guilty of attempted abduction involving the same occurrence; and (4) Muniz was denied due process of law when he was found guilty of attempted abduction, which was the functional equivalent of criminal child enticement.
 {¶ 4} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington
(1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 5} In Strickland, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"Strickland, 104 S.Ct. at 2065.
 {¶ 6} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen,77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638 and State v.Tenace, 109 Ohio St.3d 451, 2006-Ohio-2987.
 {¶ 7} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 8} In the present case, Muniz's arguments on ineffective assistance of appellate counsel are not well taken. In his first argument, he asserts that the trial judge improperly instructed the jury on "purpose" by diminishing the requirements of proof. However, a review of the jury instruction establishes that the judge followed the statutory definition of "purpose" from R.C.2901.22(A). Moreover, other than quoting part of the judge's jury instruction, Muniz does not elaborate on the error. He does not specify why the instruction is wrong or what the instruction should have been, nor does he provide any authority to support his argument. Thus, this argument is unpersuasive.
 {¶ 9} Muniz next argues that the judge erred by instructing the jury that "it is not necessary that the Defendant knew of [the victim]'s age." However, Muniz has not established prejudice. Under R.C. 2905.01, the kidnapping statute, the age of the victim is relevant. Moreover, the jury found him not guilty of attempted kidnapping, but guilty of the lesser included offense of attempted abduction. Under the abduction statute, R.C.2905.02, age is not an element of the crime. Therefore, an error, if any, in the jury instruction relating to the knowledge of the victim's age is harmless; it could not have affected the validity of the conviction for attempted abduction. An appellate lawyer in the exercise of professional judgment properly rejects a harmless error.
 {¶ 10} Next, Muniz argues that he could not have been found guilty of attempted abduction because he was found not guilty of attempted kidnapping. He reasons that, in finding him not guilty of attempted kidnapping, the jury must have found him not guilty of an element which is also an element of attempted abduction. He cites such cases as United States v. Dixon (1983), 509 U.S. 688
and Ashe v. Swanson (1970), 397 U.S. 436, in which the Court held that necessary findings in a first case prevented a subsequent prosecution. He also relies on a series of aider and abettor cases, State v. Hirsh (1956), 101 Ohio App. 425,131 N.E.2d 419; United States v. Ruffin (C.A. 2, 1979),613 F.2d 408; People v. Allsip (1969), 268 Cal. App.2d 830, 74 Ca. Reptr. 550; and Kelly v. State (1920), 79 Fla. 182, 83 So. 909, in which the courts held that finding the principal not guilty must also result in a finding of not guilty for a person charged with aiding and abetting.
 {¶ 11} This argument is unpersuasive. The elements of kidnapping are sufficiently different from the elements of abduction, that it is easy to understand how a jury could find a person not guilty of attempted kidnapping but guilty of the lesser included offense of attempted abduction. Furthermore, Muniz' reliance on the aider and abettor cases is misplaced. Muniz acted alone. Thus, the cases holding that an aider and abettor could not be found guilty when the principal has been found not guilty are distinguishable and irrelevant. Similarly, the Ashe cases are also distinguishable. These cases stand for the proposition that when an issue from a first case has necessarily been resolved in favor of a defendant, then the principles of double jeopardy and issue preclusion prevent a subsequent prosecution. They do not stand for the proposition that a finding of not guilty of a greater offense precludes the possibility of a jury finding a defendant guilty of a lesser included offense at the same trial. It is understandable why an appellate counsel would decline to raise such a ground-breaking argument in this case.
 {¶ 12} Muniz also argues that the felony of attempted abduction in this case is the functional equivalent of criminal child enticement, a misdemeanor, under R.C. 2905.05, which prohibits a person, without privilege to do so, to knowingly solicit, coax, entice, or lure any child under fourteen years of age to accompany the person in any manner. In contrast, under R.C. 2905.02, the abduction statute, no person shall knowingly, by force or threat, remove another person from the place where the other person is found or by force or threat restrain the liberty of another person under circumstances which create a risk of physical harm to the victim, or place the other person in fear. Asserting that these two crimes are functional equivalents is meritless.
 {¶ 13} Furthermore, res judicata properly bars this application. See, generally, State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104. Res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. In State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204, the supreme court ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust.
 {¶ 14} In the present case, Muniz appealed to the Ohio Supreme Court, which denied his appeal. This court has consistently held that such appeals bar claims of ineffective assistance of appellate counsel based on the principles of res judicata. State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 16752; State v. Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, reopening disallowed (Aug. 8, 2000), Motion No. 16647, and Statev. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, reopening disallowed (May 31, 2000), Motion No. 15241. The application of the doctrine in this case would not be unjust.
 {¶ 15} Accordingly, this court denies the application to reopen.
Colleen Conway Cooney, P.J., concurs Kenneth A. Rocco, J., concurs.